UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHARLES D. NEWTON, ) | CASE NO. 1:14 CV 1313 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CITY OF CLEVELAND, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On June 18, 2014, plaintiff *pro se* Charles D. Newton filed this action against the following defendants: the City of Cleveland, Former Cuyahoga County Prosecutor William Mason, Cuyahoga County Prosecutor Timothy J. McGinty, Cleveland Police Detectives James McPike and Jody Remington, City of Cleveland Former Police Chief Michael McGrath, Cuyahoga County Medical Examiner Thomas P. Gilson, and Cuyahoga County Administrator Hugh Shannon. The complaint asserts claims based on "defamation," "obstruction," "fraud," "negligence," and "mental anguish."

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999); *see Hagans v. Lavine*, 415 U.S.

528, 536–37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

Even construing the complaint liberally, there is no suggestion of any possible basis for this Court's jurisdiction. Plaintiff does not invoke a federal statute in support of his claim, and diversity of citizenship between plaintiff and defendants does not exist. This action is therefore appropriately subject to summary dismissal. *Lowe v. Huffstutler*, No. 89-5996, 1990 WL 66822 (6th Cir. May 21, 1990).

Accordingly, this action is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 6/25/14*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE